**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Northern__ District of __Texas__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Tarrant County Senior Living Center, Inc. |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | The Stayton at Museum Way <br> The Stayton |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 20-8068602 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 700 N. Pearl St. <br> Number  Street <br> Suite 1200 <br><br> Dallas         TX      75201 <br> City           State    ZIP Code <br><br> Dallas <br> County | _____ <br> Number  Street <br><br> _____ <br> P.O. Box <br><br> _____ <br> City           State    ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br> 2501 Museum Way <br> Number  Street <br><br> _____ <br> Fort Worth      TX      76107 <br> City           State    ZIP Code |

5. **Debtor's website** (URL)   www.thestayton.com

Debtor  **Tarrant County Senior Living Center, Inc.**  Case number *(if known)*_____
         Name

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☐ None of the above<br><br>B. *Check all that apply:*<br>☒ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>6 2 3 3 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check all that apply*:<br>　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).<br>　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>　☒ A plan is being filed with this petition.<br>　☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ☐ No<br>☒ Yes.   District **Northern District of Texas**   When **11/05/2019**   Case number **19-33756-sgj11**<br>　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY<br>　　　　District _____   When _____   Case number _____<br>　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY |

Debtor  **Tarrant County Senior Living Center, Inc.**  Case number (*if known*)_____
     Name

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☒ No<br>☐ Yes. Debtor _____ Relationship _____<br>       District _____ When _____<br>                                              MM / DD / YYYY<br>       Case number, if known _____ |
| **11. Why is the case filed in *this district*?** | Check all that apply:<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>                Number    Street<br>_____<br>_____     _____ _____<br>City                                  State ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>       Contact name _____<br>       Phone _____ |

| **Statistical and administrative information** |
|---|

| | |
|---|---|
| **13. Debtor's estimation of available funds** | Check one:<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49       ☒ 1,000-5,000       ☐ 25,001-50,000<br>☐ 50-99      ☐ 5,001-10,000      ☐ 50,001-100,000<br>☐ 100-199    ☐ 10,001-25,000    ☐ More than 100,000<br>☐ 200-999 |

Debtor  **Tarrant County Senior Living Center, Inc.**    Case number *(if known)*_____
         Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  09/26/2024
             MM / DD / YYYY

✗ /s/ Jeff Gentry                           Jeff Gentry
Signature of authorized representative of debtor    Printed name

Title  SVP and Chief Financial Officer

**18. Signature of attorney**

✗ /s/ Martin A. Sosland            Date  10/01/2024
Signature of attorney for debtor              MM / DD / YYYY

Martin A. Sosland
Printed name

Butler Snow LLP
Firm name

2911 Turtle Creek Blvd., Suite 1400
Number   Street

Dallas                                TX      75219
City                                  State   ZIP Code

(469) 680-5500                        martin.sosland@butlersnow.com
Contact phone                         Email address

TX Bar No.18855645                    TX
Bar number                            State

## OFFICER'S CERTIFICATE

Dated: September 26, 2024

The undersigned, the Senior Vice President and Chief Financial Officer of Tarrant County Senior Living Center, Inc., a Texas not-for-profit corporation (the "Company"), does hereby certify the following as of the date hereof:

Attached as Annex A hereto is a true, correct and complete copy of the resolutions adopted by the Company on September 26, 2024 (the "Resolutions") in accordance with the terms of the Company's bylaws. Such Resolutions have not been amended, modified or rescinded since adopted, and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has caused this certificate to be executed as of the date first set forth above.

Executed on this 26th day of September, 2024

/s/ Jeff Gentry
Name: Jeff Gentry
Title: SVP and Chief Financial Officer

# WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF
# TARRANT COUNTY SENIOR LIVING CENTER, INC.
# APPROVING THE COMMENCEMENT OF CHAPTER 11 CASE

**Dated:** September 26, 2024

The undersigned, being the members of the Board of Directors (the "Board")[1] of **TARRANT COUNTY SENIOR LIVING CENTER, INC**, a Texas not-for-profit corporation (the "Company"), acting by written consent in lieu of a meeting, do hereby consent to the taking of the following actions, and do hereby adopt the following resolutions pursuant to the bylaws of the Company:

**WHEREAS**, Tarrant County Cultural Education Facilities Finance Corporation (the "Issuer") and UMB Bank, National Association, as former trustee ("UMB"), are parties to an Indenture of Trust, amended and restated as of January 1, 2020 (the "Bond Indenture"), pursuant to which the Issuer issued its Retirement Facility Revenue Bonds (The Stayton at Museum Way Project), Series 2020 (collectively, the "Bonds") in the initial principal amount of $112,261,464;

**WHEREAS**, pursuant to a Loan Agreement, dated as of January 1, 2020 (the "Loan Agreement"), between the Company and the Issuer, the Issuer loaned the proceeds of the Bonds to the Company;

**WHEREAS**, the Company and UMB entered into an Amended and Restated Master Trust Indenture, Deed of Trust and Security Agreement dated as of January 1, 2020 (as amended by the Supplemental Master Indenture Number 3, the "Master Indenture" and together with the Bond Indenture and Loan Agreement, the "Original Bond Documents"), pursuant to which the Company issued the Tarrant County Senior Living Center Inc. Series 2020 Note (the "Note") to secure its loan repayment obligations under the Loan Agreement;

**WHEREAS**, the Company defaulted, and is currently in default under the Original Bond Documents, as a result of the Company's failure to, among other things: (i) meet its debt service coverage ratio covenant on June 30, 2021 and December 31, 2021, and (ii) make debt service payments due on the Bonds on December 1, 2022;

**WHEREAS**, the Company and BOKF, N.A., as successor bond trustee and successor master trustee (in either capacity, as applicable, the "Trustee"), at the direction of the Supporting Holders (as defined below), entered into a forbearance agreement on January 13, 2023, to enable the Company to pursue a sale of the operating enterprise or its assets;

**WHEREAS**, Buckner Retirement Services, Inc. (the "Plan Sponsor") had the highest bid at auction, and the Plan Sponsor's bid was selected by the Company;

**WHEREAS**, in connection with the sale, (i) the Company, (ii) the Trustee, (iii) each beneficial holder or investment manager or advisor for such beneficial holders of the Bonds that are signatories to the Plan Support Agreement (as defined below) or execute joinders thereto,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement or Plan (each as defined below).

which holders currently collectively hold at least 67% of the aggregate principal amount of the outstanding Bonds (each referred to herein as a "Supporting Holder" and, collectively, as the "Supporting Holders") and (iv) the Plan Sponsor (together with the Company, the Trustee, and the Supporting Holders, the "Plan Support Parties") entered into that certain Plan Support Agreement dated as of February 7, 2024 (the "Plan Support Agreement");

**WHEREAS**, the Plan Support Agreement provides for a refinancing transaction (the "Refinancing Transaction"), pursuant to which

(i) the Plan Sponsor was substituted as the sole corporate member of the Company pursuant to that certain Membership Substitution Agreement between the Company, Lifespace Communities, Inc. ("Lifespace"), as the Company's former sole corporate member, and the Plan Sponsor effective as of June 1, 2024 (the "Membership Substitution Effective Date");

(ii) the Plan Support Parties agreed to work towards a consensual, tax-exempt refinancing of the Bonds, reducing the outstanding principal amount of the Bonds from an initial principal amount of $112,261,464 to $81,000,000 (the "Bond Refinancing");

(iii) the Company and the Trustee entered into a Forbearance Agreement, dated as of May 31, 2024 (the "Forbearance Agreement"), pursuant to which the Trustee has agreed to forbear from exercising remedies under the Original Bond Documents until December 31, 2024, unless terminated earlier, to provide the time necessary for Stayton to implement the Bond Refinancing through a pre-packaged chapter 11 bankruptcy proceeding;

(iv) the Plan Sponsor agreed to provide $15,000,000 in additional liquidity to support the Refinancing Transaction comprised of (a) $5,000,000 contribution used to fund (1) administrative expenses and costs of issuance of the Series 2024 Bonds (defined below), (2) $1,825,000 in advisor fees incurred by the Company prior to the Membership Substitution Effective Date, and (3) working capital, and (b) $10,000,000 to be issued pursuant to that certain Subordinated Promissory Note, dated May 31, 2024, between the Company and Buckner Foundation, Inc. (the "Subordinated Note"), of which $6,666,666.66 has been funded to the Company, with the remaining amount available to the Company to supplement liquidity in the event the Company does not satisfy the liquidity requirements under the Series 2024 Bond Documents (defined below); and

(v) the Company agreed to solicit votes from Holders of Bond Claims in favor of the Bond Refinancing described in the Plan and commence a prepackaged chapter 11 case (the "Chapter 11 Case") before the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") to effectuate the Bond Refinancing;

**WHEREAS**, the Company's management and advisors engaged in good-faith negotiations with the Trustee and the Supporting Holders and drafted the *Debtor's Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") and the *Disclosure Statement for Debtor's Prepackaged Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") in accordance with the Plan Support Agreement;

**WHEREAS**, the Plan provides, among other things, that (i) the Company shall restructure

and exchange the Bonds for new bonds to be issued by the Issuer and designated "Tarrant County Cultural Education Facilities Finance Corporation Retirement Facility Revenue Bonds (The Stayton at Museum Way Project), Series 2024 (the "Series 2024 Bonds") on the terms and conditions set forth in the 2024 Bond Documents (as defined in the Plan); (ii) all Classes of Claims, except for holders of Bond Claims, will be Unimpaired by the Plan and holders of such Claims will have their Claims paid in full in the ordinary course of the Company's business and will be deemed to accept the Plan; (iii) all Executory Contracts and unexpired leases, including Continuing Care Contracts, will be deemed assumed pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"); and (iv) the Company will release certain parties, including, without limitation, the Trustee, the Supporting Holders, and related parties ;

**WHEREAS**, the Plan Support Agreement required that the Company solicit votes from Holders of Bond Claims to accept or reject the Plan through a "prepackaged" solicitation process and, if the requisite votes in favor of the Plan are received, commence the Chapter 11 Case in the Bankruptcy Court;

**WHEREAS**, on August 30, 2024, the Company caused Kroll Restructuring Administration LLC, the Company's voting agent, to commence solicitation of votes accepting or rejecting the Plan by distributing, among other documents, the Disclosure Statement, Plan, and ballots to the Holders of Bond Claims;

**WHEREAS**, having received the requisite votes in favor of the Plan, the Board believes that it is in the best interests of the Company, its creditors, its residents and other interested parties to commence the Chapter 11 Case in the Bankruptcy Court to, among other things, implement the Bond Refinancing; and

**NOW, THEREFORE, IT IS HEREBY:**

*Chapter 11 Filing*

**RESOLVED**, that in the judgment of the Board, it is advisable and in the best interests of the Company, its creditors, its residents and other interested parties that the Company is authorized to file or cause to be filed a voluntary petition under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

**RESOLVED**, that Jeff Gentry, as Senior Vice President and Chief Financial Officer of the Company, and such other officer(s) that the Company shall from time to time designate (each, an "Authorized Officer" and collectively, the "Authorized Officers"), are hereby authorized, empowered and instructed to cause preparation of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on behalf of the Company; and it is further

**RESOLVED**, that, upon preparation, such Authorized Officers are hereby authorized, on behalf of and in the name of the Company, to cause such voluntary petition to be executed, and verified in such form as such Authorized Officers, with advice of counsel, deem appropriate and that upon execution such Authorized Officers, with advice of counsel, are hereby authorized to cause such petition to be filed with the Bankruptcy Court to commence a case under chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Authorized Officers are authorized to negotiate, execute, deliver, and file with the Bankruptcy Court (or direct others to do so on behalf of the Company) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, orders and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants or other professionals and to take any and all actions that they deem necessary and proper in connection with the Chapter 11 Case; and it is further

**RESOLVED**, that, following commencement of the Chapter 11 Case, the Authorized Officers are hereby authorized, on behalf of and in the name of the Company, to seek confirmation of the Plan and to effectuate the Bond Refinancing contemplated therein; and it is further

*Retention of Professionals*

**RESOLVED**, that the Authorized Persons are hereby authorized and directed to retain on behalf of the Company, upon such terms and conditions as the Authorized Persons shall approve, subject to Bankruptcy Court approval, the following professionals (collectively, the "Professionals") to represent the Company in connection with the Chapter 11 Case:

- Butler Snow LLP, to serve as bankruptcy counsel for the Company;

- Bracewell LLP, to serve as bond counsel for the Company; and

- Kroll Restructuring Administration LLC, to serve as noticing, claims and solicitation agent for the Company.

**RESOLVED**, that with respect to the Professionals, the Authorized Persons are hereby authorized and directed to (i) execute retention agreements and pay retainers prior to and immediately upon the filing of the Chapter 11 Case, (ii) continue to periodically replenish, as required, the retainers previously paid by the Company to the Professionals on account of the services rendered or to be rendered by them, and (iii) cause to be filed applications of authority to retain the Professionals; and it is further

**RESOLVED**, that the Authorized Officers are authorized and directed to employ any other firms as professionals or consultants to the Company that are deemed necessary to represent and assist the Company in carrying out the duties under the Bankruptcy Code and, in connection therewith, the Authorized Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case and cause to be filed appropriate applications for authority to retain the services of such firms; and it is further

**RESOLVED**, that the Authorized Officers are authorized and directed, in the name of and on behalf of the Company, under the Company's corporate seal or otherwise, to make, enter into, execute, deliver, and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as any such Authorized Officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions, the Plan

Support Agreement, and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 Case, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that this Written Consent may be executed by facsimile, telecopy or other electronic means or reproduction, and such execution shall be considered valid, binding and effective for all purposes.

[*signature pages to follow*]

**IN WITNESS WHEREOF,** each of the undersigned has executed this Written Consent as of the date first written above.

By: */s/ Albert Reyes/*
Name: Dr. Albert L. Reyes
Title: President and CEO

By: */s/ Jeffrey K. Gentry/*
Name: Jeffrey K. Gentry
Title: SVP and Chief Financial Officer

SIGNATURE PAGE TO WRITTEN CONSENT
APPROVING COMMENCEMENT OF CHAPTER 11 CASE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | **CHAPTER 11** |
| **TARRANT COUNTY SENIOR LIVING** | § | |
| **CENTER, INC., D/B/A THE STAYTON** | § | |
| **AT MUSEUM WAY**[1] | § | **CASE NO.** |
| | § | |
| **Debtor.** | § | |

**LIST OF CREDITORS WHO HAVE THE
30 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS**

The above-captioned debtor (the "Debtor") hereby certifies that the *List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* submitted herewith contains a list of the Debtor's top 30 unsecured creditors (the "Top 30 List"). In compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Debtor has redacted the names and contact information for anyone listed in the Top 30 List who is or was a resident of the Debtor. The Top 30 List has been prepared from the Debtor's unaudited books and records as of the Petition Date. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtor's chapter 11 case. The Top 30 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtor. Moreover, nothing herein shall affect the Debtor's right to challenge the amount or characterization of any claim at a later date. The failure of the Debtor to list a claim as contingent, unliquidated, or disputed does not constitute a waiver of the Debtor's right to contest the validity, priority, and/or amount of any such claim.

---

[1] The last four digits of the Debtor's federal tax identification number are 8602.

Fill in this information to identify the case:

Debtor name: **Tarrant County Senior Living Center Inc.**
United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204 (Modified)

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**Following is the list of the Debtors' creditors holding the 30 largest unsecured claims. The list has been prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure. This list does not include (i) claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31) or (ii) claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Buckner Foundation Inc. 700 North Pearl Street Suite 1200 Dallas, TX 75201 | Jeff Gentry 214-758-8070 jgentry@buckner.org | Subordinated debt plus accrued interest | | | | $6,793,055.56 |
| Person 1 [Redacted] | | Entrance fee obligation | | | | $779,900.00 |
| Person 2 [Redacted] | | Entrance fee obligation | | | | $779,900.00 |
| Person 3 [Redacted] | | Entrance fee obligation | | | | $784,072.00 |
| Person 4 [Redacted] | | Entrance fee obligation | | | | $689,900.00 |
| Person 5 [Redacted] | | Entrance fee obligation | | | | $685,297.80 |
| Person 6 [Redacted] | | Entrance fee obligation | | | | $599,700.50 |
| Person 7 [Redacted] | | Entrance fee obligation | | | | $519,900.00 |
| Person 8 [Redacted] | | Entrance fee obligation | | | | $505,080.00 |
| Person 9 [Redacted] | | Entrance fee obligation | | | | $487,500.00 |
| Person 10 [Redacted] | | Entrance fee obligation | | | | $487,500.00 |
| Person 11 [Redacted] | | Entrance fee obligation | | | | $483,904.00 |
| Person 12 [Redacted] | | Entrance fee obligation | | | | $472,005.00 |
| Person 13 [Redacted] | | Entrance fee obligation | | | | $441,909.00 |
| Person 14 [Redacted] | | Entrance fee obligation | | | | $419,320.80 |
| Person 15 [Redacted] | | Entrance fee obligation | | | | $391,410.00 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Person 16 [Redacted] | | Entrance fee obligation | | | | $381,900.00 |
| Person 17 [Redacted] | | Entrance fee obligation | | | | $369,900.00 |
| Person 18 [Redacted] | | Entrance fee obligation | | | | $367,254.00 |
| Person 19 [Redacted] | | Entrance fee obligation | | | | $287,671.50 |
| Person 20 [Redacted] | | Entrance fee obligation | | | | $287,671.50 |
| Person 21 [Redacted] | | Entrance fee obligation | | | | $279,864.00 |
| Person 22 [Redacted] | | Entrance fee obligation | | | | $270,960.00 |
| Person 23 [Redacted] | | Entrance fee obligation | | | | $277,965.00 |
| Person 24 [Redacted] | | Entrance fee obligation | | | | $265,335.00 |
| Person 25 [Redacted] | | Entrance fee obligation | | | | $261,919.00 |
| Person 26 [Redacted] | | Entrance fee obligation | | | | $38,990.00 |
| Person 27 [Redacted] | | Monthly service fee refunds | | | | $5,086.76 |
| Superior Parking Services | 10108 Poinsett Way Fort Worth, TX 76108 817-443-7356 | Trade payable | | | | $3,850.25 |
| Southwaste Disposal, LLC | PO Box 53988 Layfette, LA 70505 | Trade payable | | | | $1,198.31 |

| | |
|---|---|
| **Butler Snow LLP** | **Butler Snow LLP** |
| Martin A. Sosland (TX Bar No.18855645) | Adam M. Langley (*pro hac vice* pending) |
| Candice Carson (TX Bar No. 24074006) | Kenneth Groce (*pro hac vice* pending) |
| 2911 Turtle Creek Blvd., Suite 1400 | 6075 Poplar Avenue, Suite 500 |
| Dallas, Texas 75219 | Memphis, TN 38119 |
| Tel: (469) 680-5500 | Tel: (901) 680-7200 |
| Fax: (469) 680-5501 | Fax: (901) 680-7201 |
| E-mail: martin.sosland@butlersnow.com | E-mail: adam.langley@butlersnow.com |
| candice.carson@butlersnow.com | kenneth.groce@butlersnow.com |
| | |
| PROPOSED COUNSEL FOR THE DEBTOR | **Butler Snow LLP** |
| | Xan Flowers (*pro hac vice* pending) |
| | 1819 Fifth Avenue North, Suite 1000 |
| | Birmingham AL 35203 |
| | Tel: (205) 297-2200 |
| | Fax: (205) 297-2201 |
| | E-mail: xan.flowers@butlersnow.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **CHAPTER 11** |
| | § | |
| **TARRANT COUNTY SENIOR LIVING** | § | **CASE NO.** |
| **CENTER, INC., D/B/A THE STAYTON AT** | § | |
| **MUSEUM WAY[1],** | § | |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |

**CORPORATE OWNERSHIP STATEMENT (RULE 1007 (a)(1))**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Tarrant County Senior Living Center, Inc., a Texas not-for-profit corporation, as the above-captioned debtor ("Debtor"), hereby certifies that Buckner Retirement Services, Inc. holds a 100% membership interest in the Debtor.

The undersigned, the Senior Vice President and Chief Financial Officer of the Debtor, hereby declares under penalty of perjury that the information contained herein is true and correct to the best of his knowledge, information and belief, as of September 26, 2024.

---

[1] The last four digits of the Debtor's federal tax identification number is 8602.

Executed this 26 th day of September, 2024.

                                                    By: */s/ Jeff Gentry*
                                                    Name: Jeff Gentry
                                                    Title: SVP and Chief Financial Officer

| | |
|---|---|
| **Butler Snow LLP** | **Butler Snow LLP** |
| Martin A. Sosland (TX Bar No.18855645) | Adam M. Langley (*pro hac vice* pending) |
| Candice Carson (TX Bar No. 24074006) | Kenneth Groce (*pro hac vice* pending) |
| 2911 Turtle Creek Blvd., Suite 1400 | 6075 Poplar Avenue, Suite 500 |
| Dallas, Texas 75219 | Memphis, TN 38119 |
| Tel: (469) 680-5500 | Tel: (901) 680-7200 |
| Fax: (469) 680-5501 | Fax: (901) 680-7201 |
| E-mail: martin.sosland@butlersnow.com | E-mail: adam.langley@butlersnow.com |
| candice.carson@butlersnow.com | kenneth.groce@butlersnow.com |
| | |
| PROPOSED COUNSEL FOR THE DEBTOR | **Butler Snow LLP** |
| | Xan Flowers (*pro hac vice* pending) |
| | 1819 Fifth Avenue North, Suite 1000 |
| | Birmingham AL 35203 |
| | Tel: (205) 297-2200 |
| | Fax: (205) 297-2201 |
| | E-mail: xan.flowers@butlersnow.com |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | **CHAPTER 11** |
| | § | |
| **TARRANT COUNTY SENIOR LIVING CENTER, INC., D/B/A THE STAYTON AT MUSEUM WAY[1]**, | § § § § | **CASE NO.** |
| | § | |
| Debtor. | § § | |

**LIST OF EQUITY SECURITY HOLDERS (RULE 1007(a)(3))**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, Tarrant County Senior Living Center, Inc., a Texas not-for-profit corporation, as the above-captioned debtor (the "Debtor"), hereby states that Buckner Retirement Services, Inc. is its sole corporate member.

The undersigned, the Senior Vice President and Chief Financial Officer of the Debtor, hereby declares under penalty of perjury that the information contained herein is true and correct to the best of his knowledge, information and belief, as of September 26, 2024.

---

[1] The last four digits of the Debtor's federal tax identification number is 8602.

Executed on this <u>26</u> th day of September, 2024.

                                           By: */s/ Jeff Gentry*
                                         Name: <u>Jeff Gentry</u>
                                         Title: <u>SVP and Chief Financial</u> Officer

89416937.v1

**Fill in this information to identify the case and this filing:**

Debtor Name _____Tarrant County Senior Living Center, Inc._____

United States Bankruptcy Court for the: ____Northern____ District of __Texas__
(State)

Case number (*If known*): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration_____See Attachment_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __09/26/24__     ✘ /s/ Jeff Gentry_____
MM / DD / YYYY                Signature of individual signing on behalf of debtor

                              Jeff Gentry_____
                              Printed name

                              SVP and Chief Financial Officer
                              _____
                              Position or relationship to debtor

Official Form 202      **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**Attachment to Official Form 202**

1. List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Modified Form 204)

2. Corporate Ownership Statement

3. List of Equity Security Holders